# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL RODRIGUEZ, | : | Civil No. 3:15-CV-1815 |
| | : | |
| Petitioner, | : | (Judge Kosik) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| DAVID J. EBBERT, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

I. **Statement of Facts and of the Case**

A. **Introduction**

This case comes before the undersigned for full consideration for the merits of the petitioner's claims that a prison disciplinary finding was constitutionally infirm because that finding was unsupported by "some evidence." Specifically, the petitioner, Angel Rodriguez, a federal inmate, invites us to examine the results of a prison disciplinary hearing which led to the forfeiture of good time for this federal prisoner. Because we find that Rodriguez was afforded a full panoply of procedural protections in this disciplinary hearing, and conclude that there is sufficient evidence to support the prison's finding of misconduct, it is recommended that this petition be denied.

B. **DHO Proceedings**

The pertinent facts can be simply stated: In April 2014, prison officials

completed an investigation into alleged drug introduction by the petitioner into the United States Penitentiary, Lewisburg. As detailed in the investigative reports prepared in connection with this investigation, prison officials documented that Rodriguez used the telephone privileges of one fellow prisoner, and correspondence ostensibly mailed under the name of another inmate, to recruit a woman to attempt to smuggle a controlled substance, suboxone, into the prison to Rodriguez concealed in strips hidden under the stamps of incoming mail. (Doc. 8-1.) As part of this investigation, prison staff intercepted both correspondence, and telephone calls, from Rodriguez to confederates outside the prison enlisting their aid in this institutional drug smuggling. Prison officials also intercepted 6 incoming pieces of mail addressed to Rodriguez which had strips of suboxone hidden under postage. Thus, Rodriguez was linked to this criminal activity by physical evidence and by his own oral and written statements made to others in the course of this prison drug smuggling scheme.

Rodriguez was cited for these disciplinary violations, and after a brief delay to coordinate the disciplinary proceedings with an FBI investigation of the person outside the institution who aided Rodriguez in this endeavor, on July 25, 2014 the prison Unit Disciplinary Committee conducted initial proceedings in this matter.[1] At the close of

---

[1] Rodriguez complains about the halting nature of this process, alleging that the discipline commenced in April, but was delayed until July due to the FBI investigation. These complaints are unavailing. The prison and the FBI are entitled to coordinate their efforts, and nothing about this brief delay resulted in any

these proceedings, given the gravity of this alleged misconduct this matter was referred for a prison disciplinary hearing.

Rodriguez received notice of the disciplinary hearing on July 28, 2014. (Id. ¶ 4; Attach. D at 1 (DHO Report).) A staff representative was appointed to assist Rodriguez, and the petitioner was provided a copy of his inmate rights for the discipline hearing. (Id.) This disciplinary hearing was then held some ten days later on August 8, 2014. (Id.) At this hearing Rodriguez was given the opportunity make a statement. (Id., Attach. D at 1.) Rodriguez refused, however, to respond to the hearing officer's questions concerning whether he admitted or denied the charges. (Id.) Instead, Rodriguez became irate and disruptive. (Id.) Ultimately the hearing was conducted without Rodriguez's assistance, or cooperation. At the conclusion of this hearing, upon a review of the evidence documenting Rodriguez's on-going efforts to secure drugs in the prison, which included correspondence, intercepted telephone calls, and drugs found concealed in incoming mail addressed to Rodriguez, the hearing officer found that Rodriguez had committed the prohibited conduct of introduction of narcotics; use of mail to further criminal activity; and use of the phone to further criminal activity. (Id. at 7.) Rodriguez was then sanctioned with the loss of 123 days of good conduct time. (Id.)

---

demonstrable prejudice to Rodriguez.

3

A copy of this disciplinary finding and decision was delivered to Rodriguez on September 10, 2014. (Id.) After exhausting his administrative remedies, this habeas corpus petition was then filed by Rodriguez. (Doc. 1.) The petition has been fully briefed by the parties and is, therefore, ripe for resolution. For the reasons set forth below, it is recommended that the petition should be denied.

## II. Discussion

### A. This Petition Fails on Its Merits

Considered on its merits, this petition fails on substantive grounds given the deferential standard of judicial review that applies to prison disciplinary actions. Liberally construed, in this habeas petition Rodriguez launches a two-fold constitutional assault upon this prison disciplinary decision, challenging that disciplinary process generally on procedural due process grounds, and asserting that the decision is substantively flawed since there is insufficient evidence to support a finding of misconduct on his part. Yet, Rodriguez faces an exacting burden of proof in advancing these two constitutional claims.

#### 1. Procedural Standards for DHO Hearings

First, with respect to his procedural due process concerns, it is well established that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The Supreme Court has, however, recognized

a set of minimum procedural protections that must apply to prison disciplinary proceedings, including the right to: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety or correctional goals, to call witnesses and present documentary evidence as part of a defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Id. at 563-67.

Due process also requires that a prison disciplinary tribunal be sufficiently impartial. Meyers v Alldredge, 492 F.2d 296, 305-07 (3d Cir. 1974). The requirement of an impartial tribunal "prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary committee." Meyers, 492 F.2d at 306. In the past, inmates have often invited courts to set aside disciplinary hearing results based upon general assertions of staff bias. Yet, such requests, while frequently made, have rarely been embraced by the courts. Instead, the courts have held that a "generalized critique" of staff impartiality is insufficient to demonstrate the degree of bias necessary to prove a due process violation. Lasko v. Holt, 334 F. App'x 474 (3d Cir. 2009). Furthermore, in the absence of a showing that the hearing officer was "personally or substantially involved in the circumstances underlying [the investigation of the] charge," Greer v. Hogston, 288 F.App'x. 797, 799 (3d Cir. 2008), courts generally decline to strike down disciplinary

decisions on claims of staff bias. See Redding v. Holt, 252 F.App'x 488 (3d Cir. 2007).

In the federal prison system, the Bureau of Prisons has, by regulation, adopted specific guidelines for inmate discipline procedures which are set forth at 28 C.F.R. § 541.10, *et seq.* These guidelines are specifically tailored and designed to meet the due process requirements outlined by the Supreme Court in Wolff. See Von Kahl v. Brennan, 855 F.Supp. 1413 (M.D.Pa.1994). Under these regulations, when prison staff have reason to believe that a prohibited act has been committed by an inmate, an incident report must be prepared and referred for investigation. 28 C.F.R. § 541.14. After investigation, the incident report is referred to a Unit Discipline Committee (UDC) for an initial hearing. 28 C.F.R. § 541.15. The inmate, in turn, is entitled to notice of any proposed violation. The UDC may either reach a finding regarding whether a prohibited act was committed, or refer the case to the Discipline Hearing Officer (DHO) for further hearing. 28 C.F.R. § 541.15(f). The DHO then has the authority to dismiss any charge, to find a prohibited act was committed, and to impose any available sanction for the act. 28 C.F.R. § 541.18. The DHO hearing is conducted pursuant to the procedures set forth at 28 C.F.R. § 541.17.

Throughout this hearing process the inmate is provided with a series of procedural rights. For example, the inmate is entitled to notice of the alleged infraction. Specifically, the Warden must give the inmate advance written notice of the charges no less than 24 hours before the DHO hearing. 28 C.F.R. § 541.17(a). The inmate is

also entitled to assistance at DHO hearings. In particular, the Warden must provide the inmate with a full time staff member to represent him at the DHO hearing. 28 C.F.R. § 541.17(b).

The inmate also has a series of procedural rights at the hearing itself. Thus, at the DHO hearing, the inmate is entitled to make a statement and present documentary evidence. The inmate also has the right to submit names of requested witnesses and have them called to testify and to present documents. While the DHO need not call repetitive witnesses or adverse witnesses, 28 C.F.R. § 541.17(c), the DHO shall call those witnesses who have information directly relevant to the charges and who are reasonably available. The inmate has the right to be present throughout the DHO hearing except during deliberation or when institutional security would be jeopardized. 28 C.F.R. § 541.17(d).

In addition, the regulations prescribe procedural standards for DHO decision-making. Thus, the regulations require that the DHO must consider all evidence presented at the hearing. The decision of the DHO must be based on the facts presented, and if there is conflicting evidence, it must be based on the greater weight of the evidence. 28 C.F.R. § 541.17(f). Finally, the DHO must prepare a record of the proceedings. This record must be sufficient to document the advisement of inmate rights, the DHO's findings, the DHO's decision and the specific evidence relied upon

by the DHO. The record must include a brief statement of the reasons for the sanction imposed. A copy of this record must be delivered to the inmate, ordinarily within 10 days of the hearing. 28 C.F.R. § 541.17(g).

Given the panoply of procedural protections afforded to inmates by these regulations, courts have consistently held that when prison officials comply with these regulations they fully satisfy the requirements of procedural due process in this prison disciplinary setting. See, e.g., Fiore v. Lindsay, 336 F. App'x 168 (3d Cir. 2009) (upholding disciplinary decision); Macia v. Williamson, 219 F. App'x 229 (3d Cir. 2007)(same); Reynolds v. Williamson, 197 F. App'x 196 (3d Cir. 2006)(same); Levi v. Holt, 193 F. App'x 172 (3d Cir. 2006)(same); Sinde v. Gerlinski, 252 F. Supp. 2d 144 (M.D.Pa. 2003)(same).

### 2. Substantive Standards Governing DHO Decisions

In his habeas petition, Rodriguez also attacks the substance of the DHO decision, arguing that there was insufficient evidence to support a finding of misconduct on his part. Like his procedural due process challenge, this substantive attack on the sufficiency of the evidence in this disciplinary hearing must meet a demanding legal standard to succeed. A prison disciplinary determination comports with due process if it is based on "some evidence." See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985) ("[T]he relevant question is whether there is any evidence in

the record that could support the conclusion reached by the disciplinary board"). This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See id. at 455; Thompson v. Owens, 889 F.2d 500, 501-02 (3d Cir. 1989). Accordingly, in order to pass constitutional muster a "disciplinary decision must [simply] be supported by 'some evidence,' that is, 'any evidence in the record that could support the conclusion reached by the disciplinary board.' " Campbell v. Holt, 432 F. App'x 49, 51 (3d Cir. 2011). Therefore, it is well settled that the decision of the DHO is entitled to considerable deference by a reviewing court and must be upheld whenever there is "some evidence" to support the decision. Hill, 472 U.S. at 457; Elkin v. Fauver, 969 F.2d 48 (3d Cir.1992); Thompson v. Owens, 889 F.2d 500 (3d Cir. 1989); Franco v. Kelly, 854 F.2d 584, 588 (2d Cir. 1988); Freeman v. Rideout, 808 F.2d 949, 955 (2d Cir. 1986).

Thus, in this setting the "function [of the court] is to determine whether there is some evidence which supports the decision of the [DHO]." Freeman, 808 F.2d at 954. As the Supreme Court has observed, the "some evidence" standard is a highly deferential standard of review and:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support

the conclusion reached by the disciplinary board.

Hill, 472 U.S. at 455-456. McGee v. Scism, 463 F. App'x 61, 63 (3d Cir. 2012); Stanko v. Obama, 434 F. App'x 63, 66 (3d Cir. 2011) (The "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."); Campbell v. Holt, 432 F. App'x 49, 51 (3d Cir. 2011)("we need not examine the entire record, re-weigh the evidence, or independently assess witness credibility in assessing whether the 'some evidence' standard is met.") Applying this deferential standard, once the reviewing court determines there is "some evidence" to support the finding of the DHO, the court must reject the evidentiary challenge by the petitioner and uphold the finding of the DHO. Griffin v. Spratt, 969 F.2d 16, 22 (3d Cir. 1992); Thompson, 889 F.2d 501; Freeman, 826 F.2d at 954. In practice, courts have rarely condemned correctional disciplinary decisions as being wholly lacking in evidentiary support, and have frequently concluded that disciplinary findings are supported by the requisite degree of proof . See e.g., McGee v. Scism, 463 F. App'x 61, 63 (3d Cir. 2012); Stanko v. Obama, 434 F. App'x 63, 66 (3d Cir. 2011); Campbell v. Holt, 432 F. App'x 49, 51 (3d Cir. 2011); Fiore v. Lindsay, 336 F. App'x 168 (3d Cir. 2009)(upholding disciplinary decision); Macia v. Williamson, 219 F. App'x 229 (3d

Cir. 2007)(same); <u>Reynolds v. Williamson</u>, 197 F. App'x 196 (3d Cir. 2006)(same); <u>Levi v. Holt</u>, 193 F. App'x 172 (3d Cir. 2006)(same); <u>Sinde v. Gerlinski</u>, 252 F. Supp. 2d 144 (M.D.Pa. 2003)(same).

  **B.** **Rodriguez Was Afforded His Procedural Due Process Rights at the DHO Hearing, and the DHO Finding of Misconduct is Supported By Adequate Evidence**

  Judged against these standards, Rodriguez's procedural and substantive challenges to this prison disciplinary proceeding simply fail. First, with respect to any procedural due process claims, in this case it is evident that this prisoner's due process rights were fully vindicated. Rodriguez received advance, written notice of the proposed disciplinary charges against him. Moreover, he was notified on multiple occasions of his procedural due process rights, including his right to have staff assistance and to request witnesses. In this case, Rodriguez either exercised those rights, or waived the rights he had in connection with this disciplinary hearing. Furthermore, once the hearing was concluded prison officials scrupulously complied with prison regulations, and afforded Rodriguez his due process rights, by providing him with written decisions outlining the basis of their actions, and describing his appellate rights.

  As for any complaints regarding the procedural fairness of the DHO proceedings, the petitioner offers little to support this claim beyond offering a

"generalized critique" of staff impartiality, which is insufficient as a legal matter to demonstrate the degree of bias necessary to prove a due process violation. Lasko v. Holt, 334 F. App'x 474 (3d Cir. 2009). Thus, the record of these disciplinary proceedings affirmatively reveals that Rodriguez was given all of the procedural protections that due process requires in this setting since he was afforded: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence as part of a defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. at 563-67. Given the full array of procedural rights provided to Rodriguez during these proceedings, any procedural due process claims simply fail. See e.g., Fiore v. Lindsay, 336 F. App'x 168 (3d Cir. 2009)(upholding disciplinary decision); Macia v. Williamson, 219 F. App'x 229 (3d Cir. 2007)(same); Reynolds v. Williamson, 197 F. App'x 196 (3d Cir. 2006)(same); Levi v. Holt, 193 F. App'x 172 (3d Cir. 2006)(same); Sinde v. Gerlinski, 252 F. Supp. 2d 144 (M.D.Pa. 2003)(same).

While Rodriguez complains about the performance of his staff representative at this disciplinary hearing, these complaints do not compel habeas relief. Instead, as we have noted in the past: "Inmates frequently make such complaints in the context of challenges to prison disciplinary proceedings. Yet, such claims, while often made, are rarely embraced by the courts. Instead, courts recognize that inmate may not choose

their staff representative. Deen–Mitchell v. Bledsoe, 548 F. App'x 747, 750 n. 5 (3d Cir.2013); Mitchell v. Romine, 158 F. App'x 367, 369 (3d Cir.2005). Further, '[i]nmates do not have a constitutional right to appointed counsel in prison disciplinary hearings. Wolff, 418 U.S. at 570, 94 S.Ct. 2963, 41 L.Ed.2d 935. Although BOP regulations provide for staff assistance in certain cases, the lack of such representation ... does not [automatically] constitute a due process violation.' Macia v. Williamson, 219 F. App'x 229, 233 (3d Cir.2007)." Howell v. Castaneda, No. 1:12-CV-2341, 2014 WL 5795604, at *9 (M.D. Pa. Nov. 6, 2014).Thus, inmate complaints about the adequacy of staff representation at a disciplinary hearing where the inmate had no constitutional right to staff assistance are typically unavailing. See Townsend v. Warden, FCC Lewisburg, No. 3:CV-12-0636, 2013 WL 371930, at *7 (M.D. Pa. Jan. 30, 2013) reconsideration denied, No. 3:CV-12-0636, 2015 WL 6125534 (M.D. Pa. Oct. 16, 2015). In this regard, we have noted that "[a]s there is no right to assistance of counsel in a prison disciplinary proceeding, it necessarily follows that [a petitioner] has no cognizable claim of ineffective assistance of counsel by an assisting staff member in that context for the purpose of habeas relief. See Bostic v. Carlson, 884 F.2d 1267, 1274 (9th Cir.1989)." Id. at *7.

Nor can Rodriguez successfully challenge the substantive outcome of the DHO hearing, since it is apparent that this decision is adequately supported by "some

evidence" in the record. That evidence included the discovery of concealed drugs in correspondence addressed to Rodriguez coupled with Rodriguez's own surreptitious mailed and telephonic communications with confederates outside prison walls enlisting their aid in this drug smuggling scheme. Taken together, in the light of this evidence, we conclude that the finding that Rodriguez engaged in institutional misconduct is fully supported by ample proof. Since the "some evidence" standard of review which is applicable in this setting "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence," but only entails a determination "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board,"Stanko v. Obama, 434 F. App'x 63, 66 (3d Cir. 2011), this reasonable, rational finding by the DHO is fatal to Rodriguez's claims in this petition. Accordingly, on these facts, we conclude that there was some evidence to support this disciplinary finding. Since there is an adequate factual basis for that disciplinary finding, Rodriguez's substantive challenge to this disciplinary action should also be rejected. See, e.g., Fiore v. Lindsay, 336 F. App'x 168 (3d Cir. 2009)(upholding disciplinary decision); Macia v. Williamson, 219 F. App'x 229 (3d Cir. 2007)(same); Reynolds v. Williamson, 197 F. App'x 196 (3d Cir. 2006)(same); Levi v. Holt, 193 F. App'x 172 (3d Cir. 2006)(same); Sinde v. Gerlinski, 252 F. Supp. 2d 144 (M.D.Pa. 2003)(same).

### III. Recommendation

Accordingly, for the foregoing reasons, upon consideration of the merits of this Petition for Writ of Habeas Corpus, IT IS RECOMMENDED that the Petition be DENIED, and that a certificate of appealability should not issue.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 15th day of December, 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
