FILED
SCRANTON
JUN 20 2016
Per _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL RODRIGUEZ,

    Petitioner,

v.

DAVID J. EBBERT,

    Respondent.

Civil Action No. 3:15-CV-1815

(Judge Kosik)

## MEMORANDUM

Before the Court is the *pro se* Petition for Writ of Habeas Corpus of Angel Rodriguez ("Petitioner"), a federal prisoner, pursuant to 28 U.S.C. § 2241 (Doc. 1). On December 15, 2015, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R"), recommending that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability not be issued (Doc. 11). Petitioner filed Objections to the R&R (Doc. 12). For the reasons that follow, we will adopt the R&R (Doc. 11), and deny the Petition (Doc. 1).

### Background

Petitioner is a federal inmate currently housed at the United States Penitentiary ("USP") Lee, in Virginia, having been transferred on March 7, 2016 from USP-Allenwood, in Pennsylvania. Petitioner is serving a life sentence for drug related charges. (Doc. 8, Ex. 1, Decl. of Michael S. Romano, at 1). In April, 2014, Petitioner, while housed at USP-Lewisburg, was investigated by the Special Investigative Service ("SIS") for introducing the drug Suboxone, a narcotic, into USP-Lewisburg. (Id). The investigation revealed that Petitioner would contact a female citizen outside of the institution by telephone, and then use the mail to introduce the drug into the institution. (Id). The SIS investigation led to the FBI pursuing possible prosecution against the outside civilian female who assisted with this drug introduction into USP-Lewisburg. (Id). With regards to the Petitioner, an incident report was prepared and the Unit Discipline Committee ("UDC") referred the matter to the DHO, recommending the maximum allowable sanctions due to the severity of the misconduct. (Id).

The record indicates that the FBI was not pursuing a criminal case against Petitioner for this incident. (Id).

At the DHO hearing, Petitioner was found to have committed the prohibited conduct of introducing Suboxone into the institution, resulting in sanctions that included 123 days total disallowance of good conduct time. (Id). Upon exhausting his administrative appeals, Petitioner filed the instant Petition on September 18, 2015, raising the following claims:

Claim 1: Ineffective assistance of his staff representative.

Claim 2: Deprivation of his Fifth and Fourteenth Amendment rights because of the mishandling of the Incident Report.

In recommending that the Petition be denied, the Magistrate Judge found that Petitioner was afforded the full panoply of procedural protections in his disciplinary hearing and that there was sufficient evidence to support the prison's finding of misconduct.

Petitioner filed the following objections to the R&R: (1) contrary to the Magistrate Judge's R&R, Petitioner does not argue that the disciplinary hearing finding was unsupported by "some evidence"; (2) the Incident Report was mishandled, resulting in a violation of BOP's own policy and Petitioner's due process rights; (3) the ineffective assistance of the staff representative; (4) the DHO was not impartial because he did not inform Petitioner of the "use" immunity doctrine; and (5) Petitioner was not afforded counsel at the disciplinary hearing.

Petitioner's objections to the R&R are now before the Court for review. For the reasons that follow, the Court will deny Petitioner's objections and will adopt the R&R.

## Standard of Review

When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by

the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). For the portions not objected to, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

## Discussion

### A. The Court Need Not Consider Petitioner's New Arguments

In his objections to the R&R, Petitioner argues that his rights were offended when the hearing officer failed to inform him of the applicability of "use" immunity doctrine, which would entitle him to "use" immunity in a subsequent criminal prosecution to the extent that his statements could not be used affirmatively against him. Petitioner also complains that the disciplinary action and questioning should have been suspended pending the criminal investigation. Petitioner did not raise these arguments in his Petition.

The Court is not required to consider new claims raised, for the first time, in Petitioner's objections to the R&R that were not raised in his Petition for Writ of Habeas Corpus. See, e.g., Stromberg v. Varano, 2012 WL 2849266 (E.D. Pa. July 11, 2012); Steward v. Common Wealth, et al., 2016 WL 3193041 (E.D. Pa. June 9, 2016); Clark v. Fisher, 2011 WL 6000795 (W.D. Pa. Nov. 30, 2011). "Though the Third Circuit has yet to specifically address how District Courts are to deal with issues and facts raised by habeas petitioners in an objection to a magistrates R&R, courts within this district and around the country have routinely refused to hear arguments similarly raised for the first time in an objection to an R&R." Sessom v. Wenerowicz, 2013 WL 5761303, at *1 (E.D. Pa. Oct. 24, 2013); Louder v. Patrick, 2007 WL 1576399 (W.D. Pa. May 31, 2007) ("The rule is that 'issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.' ")

(quoting Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). Because Petitioner raises this argument for the first time in his objections, the Court need not address it.

Even if Petitioner had raised this argument in his Petition, we find the hearing officer's failure to advise Petitioner of the "use" immunity doctrine and BOP not suspending disciplinary action pending possible criminal prosecution, unavailing. The commencement of prison disciplinary proceedings before any possible criminal prosecution did not violate Petitioner's Fifth Amendment right against self-incrimination. "Even rights 'basic to a fair hearing' are 'necessarily circumscribed by the penological need to provide swift discipline in individual cases.' " Macia v. Williamson, 219 F. App'x 229, 232 (3d Cir. 2007) (quoting Ponte v. Real, 471 U.S. 491, 495 (1985)). Moreover, the record indicates that the prosecutorial authorities were not contemplating filing criminal charges against Petitioner outside of the UDC charges. Rather, they were preparing charges against the female citizen who aided Petitioner in introducing the narcotic into the institution. As such, Petitioner's arguments fail, since there is a penological need to provide swift discipline and Petitioner was not facing criminal charges for the incident.

**B. Alleged Procedural Due Process Violations**

Petitioner's remaining objections challenge the handling of the Incident Report and circumstances surrounding his DHO hearing. While the entire "panoply of rights due a defendant" in prison disciplinary proceedings do not apply, prisoners are guaranteed certain due process protections where a prison disciplinary hearing may result in the loss of good time credits. Wolff v. McDonnell, 418 U.S. 539, 556, 564-65 (1974). The minimum due process protections afforded an inmate include: (1) the right to appear before an impartial decision-making body; (2) twenty-four hours advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when doing so does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative or staff assistance if the charged inmate is illiterate or if the issues are complex; and (5) a

written statement by the factfinder citing the evidence relied upon and reasons for the disciplinary action taken. Id. at 563-71. Where the due process requirements of Wolff are met, the DHO's decision is required to be supported by "some evidence in the record." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985).

The first argument advanced by Petitioner is that contrary to the Magistrate Judge's R&R, he does not contest that the DHO's finding was unsupported by "some evidence," but rather, he challenges the BOP's handling of the incident report process. Specifically, he argues that BOP violated its own policy when they continued to question him, when it was likely that the incident for which he was being investigated would involve criminal prosecution against him. This argument fails.

A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement "because noncompliance with a BOP program statement is not a violation of federal law." Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011). BOP program statements are policies or interpretive rules. Reno v. Koray, 515 U.S. 50, 61 (1995). They are "internal agency guidelines [that] may be altered by the [BOP] at will" and are not "subject to the rigors of the Administrative Procedure Act, including public notice and comment." Reeb, 636 F.3d at 1227. Moreover, as previously noted, it was the female located outside of the prison that aided Petitioner in introducing narcotics into the institution that was being criminally investigated for possible criminal prosecution, and not, Petitioner. As such, we do not find any violation of BOP's policy, as criminal prosecution was pursued against the civilian female, and not, Petitioner.

Next, Petitioner argues that his procedural due process rights were violated when he was denied not only a competent staff representative, but counsel, to aid in his defense at the DHO hearing. These claims are also unavailing. Wolff provides a right to staff representation at a prison disciplinary hearing "only when the inmate is illiterate or the issue to be adjudicated is complex." Macia v. Williamson, 219 F. App'x 229, 232 (3d Cir. 2007).

"Where there is no right to staff assistance, there can be no due process violation based on inadequate staff assistance." Townsend v. Warden, FCC Lewisburg, 2013 WL 371930, at *7 (M.D. Pa Jan. 30, 2013) citing Wolff, 418 U.S. at 570. Furthermore, it is well established that prisoners do not have a due process right of confrontation and cross-examination, or a right to appointed counsel in prison disciplinary hearings. Wolff, 418 U.S. at 569-70.

Petitioner is not illiterate, nor does he contend to be. Although not constitutionally mandated, Petitioner was afforded staff representation. Petitioner's staff representative provides that Petitioner "made no specific request of him as a staff representative in this case." (Doc. 8, Exhibit D, at 1). Because Petitioner is not illiterate, the issues of this case not complex, and a staff representative was appointed to him, we find Petitioner was afforded all the rights set forth in Wolff.

Finally, Petitioner's due process claim that the DHO was not impartial also fails. "In order to insure impartiality, the DHO may not be the reporting officer, investigating officer, or UDC member, or a witness to the incident or play any significant part in having the charge(s) referred to the DHO." 28 C.F.R. § 541.16(b). Here, Petitioner does not allege that the DHO officer was involved in any aspect of witnessing, reporting, investigating or playing any part in having the charge referred to the DHO. Moreover, the courts have held that a "generalized critique" of staff impartiality is insufficient to demonstrate the degree of bias necessary to prove a due process violation. Lasko v. Holt, 334 F. App'x 474, 476 (3d Cir. 2009). In the absence of a showing that the hearing officer was "personally or substantially involved in the circumstances underlying [the investigation of the] charge, courts generally decline to sustain due process challenges to disciplinary decision on claims of staff bias." Greer v. Hogston, 288 F. App'x 797, 799 (3d Cir. 2008); see Redding v. Holt, 252 F. App'x 488 (3d Cir. 2007). Petitioner fails to make any such showing that the DHO was personally or substantially involved in the circumstances underlying the investigation of this case other than his role as the DHO. For these reasons, Petitioner's objections are overruled.

## CONCLUSION

For the reasons set forth above, the Court will adopt the Magistrate Judge's Report and Recommendation. An appropriate order is attached.